# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| ROY MCLAUGHLIN, JR. | CIVIL ACTION NO. 16-352-P |
| VERSUS | JUDGE HICKS |
| JUDY LOFTON, ET AL. | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed by pro se plaintiff Roy McLaughlin ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on March 15, 2016. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and claims his civil rights were violated by prison officials. He names Judy Lofton, Darell Hamiter, Lonnie Nail, Jerry Goodwin, Leann Chambers, Angie Huff, Melissa Steils, John Doe #1, John Doe #2, the Louisiana Department of Corrections, Richard Domingue, and Gary Cavalier as defendants.

Plaintiff claims Judy Lofton, Lonnie Nail, Jerry Goodwin, Melissa Steils, John Doe #1, and John Doe #2 were negligent, lacked due care, and deprived him of money he deposited into Louisiana's centralized inmate banking system.

Plaintiff claims that on May 29, 2015, inmate banking at his request paid $3575.00 to his attorney Bobby Culpepper.  He claims Bobby Culpepper at his request then paid $3500.00 to his friend Richard Domingue as a personal loan.  He claims Bobby Culpepper then died.

Plaintiff claims that in August of 2015, he asked Richard Domingue to recruit an attorney for him to disburse a second personal loan to Domingue and to represent him in other matters.  He claims that on September 4, 2015, Richard Domingue notified him that he had recruited attorney Robert Smith to represent him in future legal matters.

Plaintiff claims that on September 8, 2015, he submitted a corrections services inmate funds withdrawal request for $2425.00 and on November 16, 2015 for $3650.00.  He claims both requests were to be made payable to Robert Smith.  He claims the requests were processed and approved by Lonnie Nail, Judy Lofton, and Melissa Steils.

Plaintiff claims that on December 9, 2015, he was informed that someone had attempted to cash the $3650.00 check.  He claims that on December 10, 2015, Lt. Col. Darrell Hamiter notified him that Richard Domingue was posing as Robert Smith and attempted to cash the $3650.00 check.  He claims he was told that a bank employee seized the check and it was returned to offender banking and he was given credit for the $3650.00. Plaintiff claims that during the December 10, 2015 meeting with prison officials, Darrell Hamiter confiscated his legal file.  He claims he has not recovered the $2425.00 that was also sent to Robert Smith.

Plaintiff claims Defendants were negligent and lacked due care when they failed to verify that Robert Smith was a licensed attorney before approving and issuing the checks to him.

Plaintiff also claims Darrell Hamiter unlawfully confiscated his file that contained information that was subject to the attorney-client privilege.  He presumes that Darrell Hamiter exited the office with the file and made copies of it.  He claims his file was confiscated in order to manufacture a fraudulent case against him that would absolve Defendants of any blame in the approving and issuing of the checks.

Plaintiff claims Jerry Goodwin, Judy Lofton, Darrell Hamiter, Lonnie Nail, Melissa Steils, Leann Chambers, Angie Huff, John Doe #1, and John Doe #2 conspired to conceal and/or attempt to conceal their negligence and lack of due care in verifying the identity of Robert Smith before approving and issuing the two checks.  He claims Defendants impeded law enforcement from obtaining information regarding Richard Domingue posing as Robert Smith and stealing his money.

Plaintiff claims that after he was notified of Richard Domingue's fraud, he repeatedly wrote to Judy Lofton inquiring about his money.  He claims he received no response from inmate banking.  He claims he submitted an inmate funds withdrawal request to Melissa Steils and Judy Lofton to be processed as an official inquiry regarding his money.  He claims the request was denied.  He claims that on January 11, 2016, he mailed a demand letter to Darrell Hamiter for the return of his legal file.  He claims he did not receive a response.

Plaintiff claims that on January 20, 2016, he received a response to his grievance in the administrative remedy procedure from Leann Chambers and Angie Huff which stated that his action in the matter may be subject to disciplinary action and the matter was still pending. He claims their response is an attempt to influence him not to seek redress for his lost money.

Plaintiff claims Richard Domingue committed fraud and stole his money.  He also claims that Richard Domingue has defaulted on the loan he made to him.  Plaintiff claims Gary Cavalier, the director of Castaway Ministries, is an accessory after the fact and knew of Richard Domingue's fraud and theft but failed to report him to law enforcement.

Accordingly, Plaintiff seeks compensatory and punitive damages and court costs.

For the following reasons, Plaintiff's claim should be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e).

## LAW AND ANALYSIS

**Property Claims**

Plaintiff claims he was deprived of money he deposited into Louisiana's centralized inmate banking system because of the negligence and lack of due care by Defendants.  He claims Defendants failed to verify that Robert Smith was a licensed attorney before approving and issuing checks to him and conspired to conceal their negligence and lack of due care.  Plaintiff also claims his legal file was confiscated.

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities secured by the Constitution or laws of the United States" by a person acting under color of state law.

Accordingly, the initial inquiry and threshold concern of the reviewing court is whether Plaintiff's constitutional rights have been violated.  See Parratt v. Taylor, 451 U.S. 527, 107 S. Ct. 1908 (1981).

The property of which Plaintiff was allegedly deprived constitutes "property" within the meaning of the Due Process Clause of the Fourteenth Amendment and its loss is worthy of redress if the loss implicates constitutional rights.  See id. at 542, 107 S. Ct. at 1916. However, the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States.  See Baker v. McCollan, 433 U.S. 137, 99 S. Ct. 2689 (1979).  A constitutional deprivation of property without due process of law, as differentiated from a state tort law claim, must be intentional and plaintiff must allege specific facts which support such a conclusion.

Absent an intentional deprivation of property, where the charge only supports a negligent failure by defendants, a constitutional deprivation does not lie.  "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property."  Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986).  Moreover, even in instances where intentional deprivation occurs, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated.  See Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984), on remand, 744 F.2d 22 (4th Cir. 1984); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984).  Mere assertions of intentionality are not enough in the absence of specific facts supporting the assertions and "even if the taking were intentional, the state could afford the

[plaintiff] due process by providing a post-deprivation remedy for the redress of the unforeseeable, unauthorized injury... alleged." Lewis v. Woods, 848 F.2d 649, 652 (5th Cir. 1988).  Louisiana law provides Plaintiff the opportunity to seek redress for his loss, whether intentional or negligent.  See La. Civ. Code art. 2315.

Accordingly, Plaintiff has failed to state a claim cognizable under Section 1983.

**Attorney-Client Privilege Claim**

Plaintiff claims that on December 10, 2015, Darrell Hamiter confiscated his legal file which contained information that was subject to the attorney-client privilege.  He claims his file was confiscated in order to manufacture a fraudulent case against him that would absolve Defendants of any blame in the approving and issuing of the checks.

"Standing alone, the attorney-client privilege is merely a rule of evidence: it has not yet been held a constitutional right." Clutchette v. Rushen, 770 F.2d 1469 (9 th Cir.1985), cert. denied, 475 U.S. 1088, 106 S.Ct. 1474, 89 L.Ed.2d 729 (1986). See also Dye v. Hofbauer, 197 Fed.Appx. 378 (6th Cir.2006), cert. denied, 552 U.S. 942, 128 S.Ct. 45, 169 L.Ed.2d 245 (2007).  Plaintiff has not alleged that he was denied his Sixth Amendment right to effective assistance of counsel because the attorney-client privilege was violated.

Furthermore, Plaintiff's allegation that the file was confiscated in order to manufacture a fraudulent case against him is conclusory.  A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations.  Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986).  The Supreme Court has abolished this heightened pleading standard for

claims against municipalities, <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials.  See <u>Schultea v. Wood</u>, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individual prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so.

Accordingly, these claims should be dismissed for failure to state a claim on which relief may be granted.

**Administrative Remedy Claim**

Plaintiff claims he filed a grievance in the administrative remedy procedure.  He claims the response to his grievance stated that the matter was still pending and his action in the matter may be subject to disciplinary action.  He claims the response was an attempt to influence him not to seek redress for his lost money.

Plaintiff doe not have a protected liberty interest in having a grievance filed in the prison administrative remedy procedure resolved to his satisfaction.  See <u>Geiger v. Jowers</u>, 404 F.3d 371, 374 (5th Cir. 2005).  Furthermore, as previously discussed, a Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations.  <u>Elliot v. Perez</u>, 751 F.2d 1472, 1473 (5th Cir. 1985); <u>Hale v. Harney</u>, 786 F.2d 688 (5th Cir. 1986).

In this case, Plaintiff has named individual prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so.

Accordingly, these claims should be dismissed for failure to state a claim on which relief may be granted.

**Richard Domingue and Gary Cavalier**

Plaintiff claims Richard Domingue committed fraud and stole his money.  He also claims Richard Domingue defaulted on the loan he made to him.  Plaintiff claims Gary Cavalier, the director of Castaway Ministries, is an accessory after the fact and knew of Richard Domingue's fraud and theft but failed to report him to law enforcement.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  See 42 U.S.C. § 1983.  A plaintiff in a civil rights suit must show that the conduct of which he is complaining was committed by a person acting under color of state law.  Plaintiff has not alleged any action that would give rise to the defendants Richard Domingue and Gary Cavalier being state actors for purposes of Section 1983.

Accordingly, Plaintiff's civil rights claims against Richard Domingue and Gary Cavalier should be dismissed as frivolous.

**CONCLUSION**

Page 8 of  10

Because Plaintiff is a prisoner, this court may dismiss the complaint before or after service of process, and before or after answers have been filed, if it finds the complaint "frivolous" or if it "fails to state a claim upon which relief may be granted". See 28 U.S.C. § 1915A; See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998), cert. denied, 527 U.S. 1041 (1999).

For the reasons heretofore stated, the court finds that the complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law and fact and is frivolous.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not

objected to by the aforementioned party.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

      **THUS DONE AND SIGNED**, in chambers, in Monroe, Louisiana, on this 18th day of April, 2016.

"

_____
Karen L. Hayes, U.S. Magistrate Judge